UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUN 13 2008
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 721 |
| vs. ) | Judge Joan Humphrey Lefkow |
| ) | |
| DANIEL DEEREY ) | |

## PLEA AGREEMENT

1.  This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant DANIEL DEEREY, and his attorney, MARK ROTERT, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.  The superseding information in this case charges defendant with engaging in a monetary transaction in criminally derived property of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

3.  Defendant has read the charge against him contained in the superseding information, and that charge has been fully explained to him by his attorney.

4.  Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information. The superseding information charges defendant with one count of engaging in a monetary transaction in criminally derived property of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

In or about April 2002 through in or about November 2002, in Naples, in the Central District of Florida, defendant DANIEL DEEREY knowingly engaged and attempted to engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, namely the sale and distribution of access card reprogramming devices, the primary and intended purposes of which were to assist in the decryption of all DirecTV satellite television programming without payment of the required subscription fees and pay-per-view fees, in violation of Title 47, United States Code, Section 605(a) and (e)(4), all in violation of Title 18, United States Code, Sections 1957(a) and 2.

Beginning in at least approximately November 2000, Arthur Deerey, defendant DANIEL DEEREY's brother, began selling, distributing and causing the sale and distribution of access card reprogramming devices to end-users and to other device

distributors through various websites. These access card reprogramming devices enabled end-users who had basic DirecTV subscription packages to decrypt DirecTV satellite television programming without payment of the required subscription fees and pay-per-view fees. Defendant DANIEL DEEREY knew that Arthur Deerey was selling, distributing and causing the sale of these devices no later than December 2001.

Beginning in or about April 2002 and continuing through November, 2002, defendant DANIEL DEEREY engaged in monetary transactions affecting interstate commerce, which transactions involved criminally derived property or proceeds from the sale and distribution by others, including Arthur Deerey, of access card reprogramming devices, which devices were sold and distributed through a website known as www.hcard.org. Specifically, beginning in or about April 2002 and continuing through November, 2002, defendant opened at least seven accounts at FDIC-insured banks insured under various business names including Global Rain Equities dba BBS Companies, Global Rain Equities dba Bayview Holdings, Inc., and Global Rain Equities, dba Arizona Computer Corp. Defendant received some of the proceeds of the sales of the access card reprogramming devices sold on www.hcard.org. Defendant knew these proceeds were profits derived from such sales, and after depositing those proceeds into the bank accounts listed above, he transmitted such funds to individuals, including Arthur Deerey, whom he knew were involved in the sale and distribution of such reprogramming devices, withholding for himself money intended to compensate him for his money laundering activities.

After several months, defendant closed certain accounts and transferred the funds to new accounts in an attempt to conceal the source of the funds associated with www.hcard.org.

Defendant acknowledges that he engaged in approximately $398,066 in monetary transactions involving criminally derived property, which property was profits derived from specified unlawful activity, namely, the sale and distribution by Arthur Deerey and others of access card reprogramming devices through the www.hcard.org website.

### Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a. A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the amount of the criminally derived property involved in the offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

   b. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

   c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by

the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. The base offense level for the charge in the superseding information is 20, pursuant to Guideline §2S1.1(a)(2) and 2B1.1(b)(G), because the offense conduct involved approximately $398,066 in monetary transactions of criminally derived property, which represented the profits of the sales of access programming devices;

        ii. The base offense level is increased by one level pursuant to Guideline §2S1.1(b)(2)(A), because the offense of conviction is Title 18, United States Code, Section 1957;

        iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to

5

accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    iv.  In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c.  **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

  d.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 18, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 27 to 33 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.  Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.  Both parties expressly acknowledge that while none of the Guideline calculations set forth above are binding on the Court or the Probation Office, the parties have agreed pursuant to Fed.R.Crim.P. 11(c)(1)(B) that certain components of those calculations -- specifically, those set forth above in subparagraph (b) of this paragraph -- are binding on the parties, and it shall be a breach of this Plea Agreement for either party to present or advocate a position inconsistent with the agreed calculations set forth in the identified subparagraphs.

### Agreements Relating to Sentencing

10.  The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point

within the range sentence should be imposed. The defendant is free to recommend any sentence.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Regarding restitution, pursuant to Title 18, United States Code, §§ 3663(a)(3) and 3664, defendant agrees to pay restitution in the amount of $398,066, minus any credit for funds repaid prior to sentencing by defendant to DirectTV. The parties disagree whether defendant is further credited for any funds recovered by DirecTV by others who sold access card reprogramming devices from www.hcard.org, or purchased such devices from www.hcard.org. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall

fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to

the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

17. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 721.

18. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than

twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

  **b.**  **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

    i.  The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury

would have to agree unanimously before it could return a verdict of guilty or not guilty.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  c.  **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-

trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

      d.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant understands that he has the right to have the criminal charge in the superseding information brought within five years of the last of the alleged acts constituting the specified violation. By signing this document, defendant knowingly waives any right to have the charge in the superseding information brought against him within the period established by the statute of limitations. Defendant also knowingly waives any defense or claim based upon the statute of limitations or upon the timeliness with which the charge in the superseding information was brought.

      20.     Defendant understands that he has the right to be prosecuted for any criminal offense in the district or districts where the offense was committed. By signing this Plea

Agreement, defendant knowingly consents to prosecution of the charge against him in the Northern District of Illinois and waives any objection to the venue of this prosecution.

### Other Terms

21. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

22. After sentencing, the government agrees to dismiss the original indictment against the defendant.

### Conclusion

23. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

24. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant

breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

25. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

26. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

27. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 6/13/08

_____  
PATRICK J. FITZGERALD  
United States Attorney

_____  
DANIEL DEEREY  
Defendant

_____  
STEPHEN A. KUBIATOWSKI  
Assistant U.S. Attorney

_____  
MARK ROTERT  
Attorney for Defendant